## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Sharon Mitchell, | |
| Plaintiff, | Case No. 14 CV 3457 |
| v. | |
| City of Elgin, *et al.*, | Judge John Robert Blakey |
| Defendants. | |

## ORDER

This case comes before this Court after appeal and remand from the Seventh Circuit to determine the timeliness of Plaintiff Sharon Mitchell's Fourth Amendment claim. Defendants City of Elgin, Ana Lalley, Todd Ramljak, Kevin Senne, and Sergeant Danner move to dismiss the claim. [131]. For the reasons explained below, this Court grants Defendants' motion.

## STATEMENT

This Court presumes familiarity with, and incorporates by reference, its prior opinion [81], as well as the Seventh Circuit's opinion discussing Plaintiff's first amended complaint, *Mitchell v. City of Elgin*, 912 F.3d 1012 (7th Cir. 2019). This Court thus only briefly revisits the facts pertinent to the pending motion.

Plaintiff, a former student at Elgin Community College, was arrested on August 17, 2011, after Defendant Senne filed a criminal complaint accusing Plaintiff of electronic communication harassment against her professor, Defendant Lalley. *Id.* at 1014. Plaintiff posted a $250 bond and the sheriff released her the same day. *Id.* Two years later, on August 22, 2013, the state court judge acquitted her after a one-day trial. *Id.* On May 23, 2014, Plaintiff filed suit in this Court under various constitutional and state-law theories; this Court dismissed the federal claims and ultimately relinquished supplemental jurisdiction over the state-law claims. *Id.* at 1014–15. In particular, this Court found Plaintiff's Fourth Amendment claim for unlawful pretrial detention time-barred. *Id.* at 1015.

Plaintiff appealed to the Seventh Circuit amidst a change of law affecting her Fourth Amendment claim. During her appeal, the Supreme Court abrogated prior Seventh Circuit precedent—which barred Fourth Amendment claims past the point

of arraignment—and held that "pretrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) (*Manuel I*). Then on remand, the Seventh Circuit held that an unlawful detention claim accrues "when the detention ends." *Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 670 (7th Cir. 2018) (*Manuel II*). *Manuel I* and *Manuel II* constituted controlling authorities by the time the Seventh Circuit decided Plaintiff's appeal. *Mitchell*, 912 F.3d at 1015. Accordingly, as the Seventh Circuit reasoned in this case, if Plaintiff's claim "is one for unlawful detention without probable cause, it may survive beyond the pleading stage—*provided*, however, that she sued on time." *Id.* The court then instructed that pretrial release "might" constitute a seizure "if the conditions of that release impose significant restrictions on liberty." *Id.* at 1016.

Because that specific issue did not arise in the prior proceedings before this Court, the Seventh Circuit remanded for this Court to determine whether Plaintiff's pre-trial release on bond constituted an unlawful seizure under the Fourth Amendment. *Id.* at 1017. The court reasoned that it could not itself decide the issue because the then-existing record contained insufficient information at the trial level about Plaintiff's bond conditions. *Id.*

Now on remand, Defendants move to dismiss, attaching as an exhibit the bond issued to Plaintiff. [131-1] at 1. That bond imposed the following obligations:

> 1. Appear to answer the charge in court until discharge or final order of court;
> 2. Obey all court orders and process; not leave this State without permission of court and report changes of address to the Clerk within 24 hours;
> 3. Not commit any criminal offenses while awaiting final order in this case;
> 4. If on appeal, prosecute the appeal, and surrender to custody if the judgment is affirmed or a new trial is ordered;
> 5. Surrender (725 ILCS 5/110-10(a)(5)) OR not possess any firearms or dangerous weapons until final order in this case;
> 6. Not contact or communicate with any complaining witnesses or members of his/her immediate families; and
> 7. If the alleged victim is a family/household member, as defined by 720 ILCS 5/112A-1 et seq., . . . refrain from contact and/or communication with alleged victim and refrain from entering or remaining at alleged victim's residence for a minimum of 72 hours following [] release.

*Id.*

Plaintiff argues that two bond conditions—those requiring her to appear in court and restricting her travel—imposed sufficiently significant restraints on her freedom so as to constitute a seizure. *See* [133] at 6–9. This Court rejects that argument. As to required court appearances, the Seventh Circuit expressed "misgivings about construing a simple obligation to appear in court" as a seizure, reasoning that doing so would convert "every traffic ticket into a nascent Fourth Amendment claim." *Mitchell*, 912 F.3d at 1017.

As to the travel restriction, the record contains no evidence that Plaintiff ever sought permission to travel out of state, much less that the state court denied any such request. *See generally* [133]. In *Bielanski v. County of Kane*, which the Seventh Circuit cited in *Mitchell*, the Seventh Circuit found that a similar bond condition requiring the court's permission before interstate travel constituted "at most, a precursor to a possible seizure rather than a seizure itself," because the plaintiff did not claim that the court denied her any request to travel outside the state. 550 F.3d 632, 642 (7th Cir. 2008). Thus, under *Bielanski*, Plaintiff's travel restriction constituted, at most, a precursor to a possible seizure. Moreover, the "canonical test for seizures remains whether a state official has 'terminate[d] or restrain[ed] an individual's 'freedom of movement' such that 'a reasonable person would have believed that he was not free to leave.'" *Mitchell*, 912 F.3d at 1017 (quoting *Brendlin v. California*, 551 U.S. 249, 250 (2007)). Plaintiff's mere obligation to seek leave before traveling interstate simply does not satisfy this canonical test.

Plaintiff also argues that this Court should consider the consequences Plaintiff would have faced if she violated her bond conditions, positing that those consequences imposed significant restrictions on her liberty. *See* [133] at 9–10. To be sure, if Plaintiff violated any bond conditions, she would have faced myriad consequences, including potential waiver of her right to confront witnesses, confinement, and forfeiture of the bond to the State. *See* [133] at 3–4; [131-1] at 1. But Plaintiff does not claim (nor does the record show) that she did, in fact, violate any bond condition, much less that the state court actually imposed any consequences upon her. Nor does Plaintiff point to any controlling authority suggesting that the mere possibility of facing potential collateral consequences can constitute the "significant restrictions on liberty" that the Seventh Circuit contemplated in *Mitchell*. 912 F.3d at 1016. Thus, much like the travel restriction, Plaintiff's speculation regarding the potential consequences for violation of the bond conditions constituted, at most, a precursor to a possible seizure, rather than an actual seizure.

Finally, Plaintiff cites the Supreme Court's recent decision in *McDonough v. Smith*, where the Court held that a malicious prosecution claim based upon fabricated evidence accrues upon favorable termination of the prosecution, not upon the plaintiff's awareness that fabricated evidence has been used against him. 139 S. Ct. 2149, 2161 (2019). Plaintiff's reliance upon *McDonough* is misplaced, however, because Plaintiff does not sue for malicious prosecution or allege fabrication of

3

evidence. *McDonough* did not address accrual of the unlawful detention claim at issue here. *See generally* 139 S. Ct. 2149. This Court thus remains bound by the Seventh Circuit's opinions in this case and in *Manuel II*, which expressly instruct that "a Fourth Amendment claim for unlawful pretrial detention accrues when the *detention* ends, *not* when the *prosecution* ends." *Mitchell*, 912 F.3d at 1015; *see also Manuel II*, 903 F.3d at 669.

In light of the foregoing, Plaintiff's Fourth Amendment claim accrued on August 17, 2011, the day Plaintiff was released on bond. Because she sued on May 23, 2014, the two-year statute of limitations period applicable to Illinois § 1983 claims time-bars her claim. *See Mitchell*, 912 F.3d at 1015.

This Court therefore grants Defendant's motion to dismiss [131] and dismisses Plaintiff's Fourth Amendment claim with prejudice. Any dates and deadlines are stricken. Civil case terminated.


Dated: January 14, 2020          _____
                                         Judge John Robert Blakey
                                         United States District Court

4